UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Karen Miller,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Better Housing Coalition,** <br><br> **Defendant.** | **CIVIL ACTION NO.** 3:18cv142 |

## COMPLAINT

Plaintiff Karen Miller respectfully moves for judgment against Defendant Better Housing Coalition ("BHC").

### Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendant's FLSA violations.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

5. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

6. Miller is a resident of Virginia who is employed by BHC as a Human Resources Generalist. She was hired as a temporary employee around April 2014 and was hired full time around September 2014. Miller is an "employee" as defined in the FLSA.

7. BHC is a Virginia corporation with its principal office in Richmond, Virginia. BHC meets the definition of "employer" as defined in the FLSA.

## Factual Allegations

8. Since becoming a full-time employee, Miller regularly works more than 40 hours per week.

9. Miller generally works through lunch and does not take an uninterrupted 30-minute lunch break.

10. BHC does not require Miller to keep track of her hours worked.

11. While BHC did not require Miller to keep track of her hours worked, she kept track of her hours using BHC's time tracking software from around September 2014 to July 2017.

12. Though she does not have time records for the entirety of her employment, these partial times records show that she worked more than 40 hours per week on more than 30 occasions and has worked as much as 45 hours in a week.

13. Outside of some weeks in January and February 2017 in which she took leave time, Miller has continued to work similar hours from July 2017 to the present.

14. BHC has failed to maintain accurate time records of all hours worked by Miller.

15. Despite often working more than 40 hours per week, Miller is not paid for overtime.

16. On information and belief, BHC treats Miller as exempt from the FLSA.

17. Based on the nature of Miller's job duties, there is no FLSA exemption that applies to preclude her from being paid one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

18. Millers duties are essentially that of a personnel clerk.

19. Miller's duties include: checking emails, receiving phone calls, posting pre-written job advertisements on job recruitment websites, screening resumes for predetermined minimum job qualifications, forwarding resumes to hiring managers, setting up interviews, reviewing employees' payroll to screen for missed time punches and accuracy of payment amounts, attending termination meetings to hand out post-employment benefits information, sending employees information regarding employment benefits and collecting their benefits applications, keeping the employee policy manual up to date when BHC makes changes, handing out information to new hires, and data entry on mandatory government reports.

20. Miller duties do not include: formulating, interpreting, or implementing employment policies; studying business operations and proposing changes; setting minimum job qualifications for open positions; or the authority to hire or fire.

21. Miller has complained about her position, as well as several other positions at BHC, being misclassified as exempt and not being paid overtime on several occasions in 2015 and 2016.

22. However, Miller continues to be misclassified and treated as exempt.

23. Miller requested that BHC perform an audit to re-examine the FLSA classification of her position and several others.

24. However, Miller was rebuffed and told that BHC would not perform an audit.

25. On information and belief, no such audit has taken place.

26. Miller is not employed in any bona fide executive capacity.

27. Miller is not employed in any bona fide administrative capacity.

28. Miller is not employed in any bona fide professional capacity.

29. BHC willfully violated the FLSA by knowingly failing to pay Miller overtime. BHC had knowledge or constructive knowledge that Miller worked in excess of 40 hours per week but failed to pay her overtime compensation.

30. At all relevant times, BHC intended to deprive Miller of overtime pay she was entitled to under the FLSA, or acted with reckless disregard for her rights under the FLSA.

## COUNT ONE
## UNPAID OVERTIME UNDER THE FLSA

31. Plaintiff incorporates by reference and re-allege the preceding paragraphs as though fully set forth herein.

32. At all times relevant, Defendant engaged in a practice of not paying Plaintiff overtime for working more than 40 hours per week.

33. Plaintiff worked more than 40 hours per week without overtime compensation for hours worked over 40.

34. Defendant knew, or should have known, that Plaintiff was working more than 40 hours per week.

35. At all times relevant, Defendant knew, or should have known, that the FLSA applied to Plaintiff.

36. Defendant knew of Plaintiff's hours worked and of its obligation to pay overtime. Defendant failed to do so.

37. Defendant had an obligation under the FLSA to maintain accurate time records of hours worked by Plaintiff. Defendant failed to do so.

38. Defendant has willfully violated the FLSA. At all relevant times, Defendant intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

### **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendant:

A. money damages for all unpaid overtime compensation;

B. liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

C. pre-judgment and post-judgment interest;

D. reasonable attorneys' fees and costs expended in the prosecution of this claim;

E. any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,

**Karen Miller**
Plaintiff

By:\_\_\_/s/_____
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com